■ EARL M. ANDERSON, JR., Respondent, v. A/S BERGE SIGVAL BERGESEN et al., Appellants, et al., Defendant.— Order, entered May 31, 1967, denying defendants' motion for summary judgment unanimously affirmed, without costs or disbursements. We agree with the conclusion of Special Term that a final determination of the issue presented should await the trial of the action. The enforcibility of the contract upon which the several causes of action alleged in the complaint are based must be determined by the law of the forum with which the contract has the most significant relationship (*Auten* v. *Auten*, 308 N. Y. 155; *Haag* v. *Barnes*, 9 N Y 2d 554; Restatement 2d, Conflict of Laws, Tentative Draft No. 6, 1960, § 332). Generally, the significant contacts will be grouped in either the State where the contract was

made or its place of performance. Here there is presented the unusual case where a grouping of the relevant contacts perchance might be found to have been in this State, the District of Columbia, France or Italy. While Special Term described the issue as one of fact it is in reality a question of law to be determined by the court upon the trial proof and before submitting the basic issues framed by the pleadings to the jury. It has been written that "While [the] statement of the rule is inherently ambiguous, it means that the courts will consider the various contacts that states have with the transaction, and after weighing their relative significance to the case at hand, not merely counting them, conclude that one state should govern the transaction because its total relationship is the most important." (Goodrich, Conflict of Laws [4th ed.], p. 204.) Order, entered on October 10, 1967, unanimously affirmed, without costs or disbursements. No opinion. Concur — Stevens, J. P., Steuer, Tilzer, Rabin and Bastow, JJ.